IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs November 8, 2000

## AARON BERNARD GRAY v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Madison County**
**No. C-99-055     Joe C. Morris, Judge**

---

**No. W2000-00645-CCA-R3-PC - Filed January 5, 2001**

---

The Defendant, Aaron Bernard Gray, appeals as of right from the dismissal of his petition for post-conviction relief.  On appeal, he asserts that he should have been granted post-conviction relief because he was denied the effective assistance of counsel at trial, because the trial court abused its discretion by finding the victim competent to testify, and because the trial court abused its discretion by failing to grant a mistrial.  We hold that the Defendant has failed to establish that he was denied the effective assistance of counsel and that his other two issues are either waived or previously determined.  Thus, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and JAMES CURWOOD WITT, JR., JJ., joined.

Pamela J. Drewery, Jackson, Tennessee, for the appellant, Aaron Bernard Gray.

Paul G. Summers, Attorney General and Reporter; J. Ross Dyer, Assistant Attorney General; Jerry Woodall, District Attorney General; and Al Earls, Assistant District Attorney General, for the appellee, State of Tennessee

**OPINION**

The Defendant was indicted for and convicted of aggravated robbery and aggravated assault. He was sentenced to concurrent sentences of twelve years as a Range I offender for the aggravated robbery and ten years as a Range II offender for the aggravated assault.  On direct appeal, this Court reversed the Defendant's aggravated assault conviction upon finding that the Defendant's convictions for both aggravated robbery and aggravated assault violated his constitutional protections against double jeopardy.  See State v. Aaron Benard Gray, No. 02C01-9707-CC-00270, 1998 WL 211791, at *3 (Tenn. Crim. App., Jackson, May 1, 1998), perm. app. denied (Tenn. Dec. 7, 1998). Both convictions were based upon the same set of facts: the Defendant robbed Joe Hunt, with whom he lived, by putting a knife to Mr. Hunt's throat and demanding money; according to Mr. Hunt, the

Defendant took $3 from his wallet and left the residence. See id. at *1. The Defendant's aggravated robbery conviction and accompanying sentence were affirmed in all respects. See id. at *7. In affirming that conviction and sentence, this Court ruled that the evidence was sufficient to support the conviction, that the trial court did not abuse its discretion by ruling that the victim was competent to testify, and that the trial court did not err by imposing the maximum sentence. See id. at *4-6.

On February 19, 1999, the Defendant filed a pro se petition for post-conviction relief. Counsel was subsequently appointed, and an amended petition was filed on November 12, 1999, alleging that the Defendant received ineffective assistance of counsel at trial. An evidentiary hearing was held on March 13, 2000, at which the Defendant and his trial counsel, Vanessa King, testified. At the hearing, the Defendant complained that Ms. King did not investigate his case adequately because she did not interview the victim, Joe Hunt. He asserted that if Ms. King had interviewed Mr. Hunt, she would have discovered that Mr. Hunt was mentally incompetent. The Defendant claimed that Ms. King should have obtained Mr. Hunt's medical records and introduced them to prove that he was incompetent. The Defendant appeared to argue that if the jury had known Mr. Hunt was incompetent, it would not have convicted him. He asserted that Mr. Hunt loaned him the $3 but lied about it at trial. He admitted that the trial court ruled that Mr. Hunt was competent to testify, but he asserted that Ms. King should have filed a pre-trial motion regarding Mr. Hunt's competency.

The Defendant also asserted that Ms. King should have objected to the indictment because he was improperly charged with both aggravated assault and aggravated robbery. In addition, he claimed that Ms. King should have requested a mistrial when a juror revealed to the court that she recognized the victim because she had seen him on the street begging for money. Evidently, a juror recognized the victim after the trial started, which she revealed to the court during a break. While she admitted that she had some preconceived notions about the victim's mental condition, she indicated that she could be fair and impartial. The Defendant also made other general allegations, essentially asserting that Ms. King "didn't do nothing."

Vanessa King testified that she interviewed the investigators prior to trial, but she did not interview the victim. She also said that she did not request that the State elect the charge upon which it wanted to proceed because the trial court traditionally allowed all charges to go the jury. She testified that she adequately represented the Defendant. She said that she interviewed him on several occasions, that she gave him copies of all of the discovery materials, that she talked to the witnesses, and that she discussed the victim's mental condition with the Defendant. She said that she explained to the Defendant that competence had to do with understanding the responsibility of telling the truth and that if the defense raised the issue of the victim's mental condition, that condition could be used against the Defendant as an enhancing factor for sentencing if the Defendant was found guilty at trial.

Ms. King testified that the Defendant's case was very simple: it came down to whether the jury believed the victim's version of events or the Defendant's version of events. She said that the

jury had the opportunity to see Mr. Hunt testify and to evaluate his testimony and competence. Obviously, the jury chose to accredit Mr. Hunt's testimony.

After hearing the evidence, the trial court denied post-conviction relief, stating,

> The Court rules that the petitioner has not carried his burden of proof and that trial counsel's performance in no way resulted in any abridgment of any constitutional right of the petitioner.
> The Court finds that the defendant has not presented any proof in this matter as to anything that counsel should have done [or] could have done that was in violation of any constitutional right.
> [It] is specifically found that the matter of the victim's competency to testify has been raised at trial and also ruled upon by the court of criminal appeals and therefore cannot be raised in the present petition. Further even if the matter could be raised no competent proof has been submitted to the court to demonstrate that the victim could not qualify as a witness to testify.
> As to the issue regarding the failure to challenge the juror who knew about the victim's mental condition. The defendant has failed to demonstrate how he was prejudiced in that he specifically testified that he wanted the jury to know about the victim's mental condition. Further the matter was addressed at the trial level and the state and defense counsel were both able to question the juror and there was no indication that the juror would in any way be disqualified from sitting as a juror. The juror was in no [way] biased or prejudiced and was able to set these factors aside and determine the case based upon the facts and law as it was set forth during the trial.
> As to the issue of the indictment for both [a]ggravated robbery and aggravated assault this issue was addressed at the appellate level and the aggravated assault was dismissed as a violation of double jeopardy . . . .
> As to all other issues the Court finds that the petitioner has failed to carry his burden of proof in that he has failed to demonstrate by clear and convincing proof that the trial counsel was in any way ineffective or failed to do any thing that in any way violated any constitutional or statutory right of the defendant.

On appeal, the Defendant lists eleven issues presented for review, mostly dealing with different ways in which counsel was ineffective, but he argues only three of those issues. Because the Defendant failed to present any argument or authority regarding eight of his claimed issues, those issues are waived. See Tenn. Ct. Crim. App. R. 10(b); State v. Killebrew, 760 S.W.2d 228, 231 (Tenn. Crim. App. 1988). The Defendant does, however, assert that Ms. King was ineffective for failing to subpoena the victim's medical records prior to trial and to use those records to impeach the victim before the jury; that the trial court abused its discretion by failing to find the victim incompetent; and that the trial court abused its discretion by failing to grant a mistrial when a juror revealed that she knew the victim.

We first note that the Defendant's last two issues, dealing with whether the trial court abused its discretion by failing to find the victim incompetent and by failing to grant a mistrial, are not properly before us. While those issues may have been raised by the Defendant in his pro se petition, they were not included in the amended petition for post-conviction relief filed by counsel. The only issue raised in the amended petition and argued at the evidentiary hearing was whether the Defendant was denied the effective assistance of counsel at trial. We will not consider issues raised for the first time on appeal. See State v. Turner, 919 S.W.2d 346, 358 (Tenn. Crim. App. 1995). Moreover, grounds for relief that have been previously determined or waived are not cognizable in a post-conviction proceeding. See Tenn. Code Ann. § 40-30-206(f). A ground for relief has been previously determined if a court of competent jurisdiction has ruled on the merits after a full and fair hearing. See id. § 40-30-206(h). A ground for relief has been waived if the defendant failed to present it for determination in any proceeding before a court of competent jurisdiction in which the ground could have been presented. See id. § 40-30-206(g). On direct appeal, this Court specifically found that the trial court did not abuse its discretion by finding that the victim was competent to testify. See Aaron Benard Gray, 1998 WL 211791, at *5. Thus, this issue has been previously determined. While the Defendant did not raise the issue of whether the trial court abused its discretion by failing to grant a mistrial, this issue could have been raised on direct appeal. Thus, this issue has been waived.

We now turn to the Defendant's allegation that he received ineffective assistance of counsel at trial. To determine whether counsel provided effective assistance at trial, the court must decide whether counsel's performance was within the range of competence demanded of attorneys in criminal cases. Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). To succeed on a claim that his or her counsel was ineffective at trial, a defendant bears the burden of showing that counsel made errors so serious that he or she was not functioning as counsel as guaranteed under the Sixth Amendment and that the deficient representation prejudiced the defendant resulting in a failure to produce a reliable result. Strickland v. Washington, 466 U.S. 668, 687 (1984); Cooper v. State, 849 S.W.2d 744, 747 (Tenn. 1993); Butler v. State, 789 S.W.2d 898, 899 (Tenn. 1990). To satisfy the second prong, the defendant must show a reasonable probability that, but for counsel's unreasonable error, the fact finder would have had reasonable doubt regarding petitioner's guilt. Strickland, 466 U.S. at 695. This reasonable probability must be "sufficient to undermine confidence in the outcome." Harris v. State, 875 S.W.2d 662, 665 (Tenn. 1994).

When reviewing trial counsel's actions, this Court should not use the benefit of hindsight to second-guess trial strategy and criticize counsel's tactics. Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982). Counsel's alleged errors should be judged at the time they were made in light of all facts and circumstances. Strickland, 466 U.S. at 690; see Cooper 849 S.W.2d at 746.

If afforded a post-conviction evidentiary hearing by the trial court, a petitioner must do more than merely present evidence tending to show incompetent representation and prejudice; he or she must prove factual allegations by clear and convincing evidence. Tenn. Code Ann. § 40-30-210(f). When an evidentiary hearing is held, findings of fact made by that court are conclusive and binding

on this Court unless the evidence preponderates against them. <u>Cooper</u>, 849 S.W.2d at 746 (citing <u>Butler</u>, 789 S.W.2d at 899).

Based on our review of the record, we conclude that the Defendant has failed to meet his burden of establishing that his counsel was ineffective. While he asserts that his counsel was ineffective for failing to procure the victim's medical records, he has not established what the medical records would show. Moreover, he has not established how the medical records would have changed the outcome of the trial. According to our prior opinion in this case, the victim testified that he had been receiving medication at the Jackson Mental Health Center for the past twenty years. <u>See</u> <u>Aaron Benard Gray</u>, 1998 WL 211791, at *4. Thus, the jury knew that the victim had some type of mental condition. In addition, the jury was able to see the victim testify and accordingly evaluate his mental state. We cannot say that more evidence of the victim's mental condition would more probably than not have caused the jury to have reasonable doubt regarding the Defendant's guilt.

Like the trial court, we believe that the Defendant has failed to present any evidence showing that his counsel's performance was below the standard of competence for attorneys. He has not proved, by clear and convincing evidence, that anything his attorney did or failed to do would have changed the outcome of the trial. Accordingly, we affirm the judgment of the trial court.

_____
DAVID H. WELLES, JUDGE

-5-